Jones, Judge,
delivered the opinion of the court:
In 1935 and 1936 the defendant, through its authorized agent, purchased from Thomas N. Belcher, who was engaged in the mining and marketing of coal under the name of Bevier Milling and Mining Company, 100.325 tons of coal, at an agreed price of $2.00 per ton. The coal was delivered in accordance with the terms of the purchase agreement and used for furnishing heat for the post office building at Central City, Kentucky. The Fourth Assistant Postmaster General certified approval of the contract. Defendant has not paid for the coal. The vendor died subsequently, and his widow, as executrix, instituted this suit to recover the contract price.
The essential facts are as simple as that.
The excuse for not making payment is stated by the Acting Comptroller General in a letter that is singularly free from any suspicion of logic.
It states that after the contract had been completed, the vendor borrowed money at the bank; that the note was signed by T. N. Belcher and George L. Wallace, the then postmaster, and that since the vendor received the proceeds *141 of the note be has been “paid in full.” The fact that the bank demands payment of the note, and that the defendant used the coal and made payment to no one are small items that appear to have been overlooked.
The bank was apparently amazed at the intricacies of the line of reasoning set out in the Comptroller’s letter; it suggested that there must be some misunderstanding, since the bank had merely made a loan, but the General Accounting Office stood its ground in a second letter of denial.
We confess that we are also just a little surprised at the contents of the letter. It has neither pattern nor syllogism, but it certainly has point.
This method of settling government obligations is so novel that, if reduced to practice, it should be patentable. It would solve many national problems. The holder of a government obligation at one time or another is usually in need of money. He borrows money at the bank, and, ergo, the Government’s obligation is settled.
If this obligation were a large one it would be bad enough. But when it is for an amount so small that the value of the time and expense of litigation will eat up its substance, it is indefensible. That a just government, or any responsible official thereof, would pursue a course that would make such action necessary is almost incredible. It is one of those strange things that sometimes appear in the processes of free government.
It is to be regretted in the circumstances that we have no jurisdiction to allow interest or attorney’s fees.
The defendant received the coal that had been purchased at a price which the Fourth Assistant Postmaster General conceded was “very low.” It used the coal. It has not paid the bill.
The plaintiff is entitled to recover the sum of $200.65.
It is so ordered.
MaddeN, Judge; Whitaker, Judge; Littleton-, Judge; ■and Whaley, Chief Justice, concur.